IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FOX INSURANCE COMPANY,
   Plaintiff,
   v.

PROCARE PHARMACY BENEFIT
MANAGER, INC.,
   Defendant.

CIVIL ACTION FILE
NO. 1:11-CV-4292-TWT

ORDER

This is an action to confirm an arbitration award. It is before the Court on the Respondent's Motion to Vacate the Arbitration Award [Doc. 12]. For the reasons set forth below, the Court DENIES the Respondent's Motion.

I. Background

Payment for the insured portion of the costs of prescription drugs involves pharmacies, insurance companies, and pharmacy benefit managers ("PBMs"). Through a nexus of contracts, PBMs act as payment agents for insurance companies. Specifically, PBMs enter into contracts with pharmacies to provide a network of suppliers for prescription drugs. PBMs also contract with insurance companies to establish a process for delivering payment from insurance companies to pharmacies.

When a pharmacy fills a prescription for an insured, the insurer transmits payment to a PBM pursuant to a contract. The PBM then remits payment to the pharmacy that filled the prescription. PBMs often combine payments from several insurance companies when making payments to pharmacies.

ProCare Pharmacy Benefit Manager, Inc. ("ProCare") is a PBM that contracts with more than 290 insurance companies and more than 60,000 pharmacies. ProCare provides PBM services for Fox Insurance Company ("Fox") pursuant to a client services agreement (the "Agreement") [Doc. 15-2]. Under the Agreement, ProCare acts as Fox's attorney-in-fact by making payments to pharmacies. The Agreement provides that Fox "shall have the right to request that ProCare conduct an audit of a specific participating Pharmacy Provider if it believes such pharmacy is not accurately administering Client's benefit plans or the terms of this Agreement" [id.]. "Any identified overpayments to a participating Pharmacy Provider relating to [Fox's] Covered Persons, shall be returned to [Fox] by ProCare minus any administrative fees associated with this service" [id.]. Such a refund "may be accomplished . . . through application of a credit against future claim invoices" [id.]. The Agreement also provides that "any controversy related to [the] Agreement, or the breach thereof, shall be settled" by "binding arbitration in accordance with the commercial rules of the American Arbitration Association" [id.].

In May 2010, ProCare initiated an arbitration proceeding seeking to recover money allegedly owed by Fox under the Agreement [Doc. 15-6]. Fox filed an answer and counterclaim and requested that an audit be conducted pursuant to the Agreement. In December 2010, after a two-day hearing, the arbitration panel granted Fox's request for an audit. The panel appointed Integrated Pharmacy Solutions ("IPS") to perform the audit. IPS identified $1,949,063.68 associated with approximately 165 pharmacies that was subject to reclaim based on waste or abuse [see Doc. 15-5, at 201].

On November 22, 2011, the arbitration panel awarded Fox $1,658,739.17 in damages [Doc. 15-4]. ProCare does not challenge that portion of the award in this motion. The panel, however, also required ProCare to collect $1,949,063.68 identified in the IPS audit and return that sum to Fox [id.]. The award required that "ProCare offset the amounts identified in the FWA audit against amounts ProCare now or subsequently owes to the pharmacies [identified in the audit] for any reason, and remit all such sums to Fox, after deducting the 20% administrative fee specified in the CSA" [id.].

On December 9, 2011, Fox filed a Petition to Confirm the Arbitration Award in this Court [Doc. 1]. On January 6, 2012, ProCare filed this Motion to Vacate the Arbitration Award [Doc. 12]. The Respondent argues that the arbitration award should be vacated under 9 U.S.C. § 10(a)(4). Specifically, ProCare contends that the

arbitration panel exceeded its authority by adjudicating the rights of non-party pharmacies.

## II. Motion to Vacate Standard

Review of this matter is controlled by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq*. The FAA "presumes that arbitration awards will be confirmed, 9 U.S.C. § 9, and enumerates only four narrow bases for vacatur. . ." Brown v. Rauscher Pierce Refsnes, Inc., 994 F.2d 775, 778 (11th Cir. 1993). The statutory grounds for vacating an arbitration award are:

> (1) Where the award was procured by corruption, fraud, or undue means.
>
> (2) Where there was evident partiality or corruption in the arbitrators, or either of them.
>
> (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
>
> (4) Where the arbitrators exceeded their power, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made.

9 U.S.C. § 10. In addition to the four narrow statutory bases, there are three non-statutory or judicial bases for vacatur recognized by the Eleventh Circuit: (1) the award is arbitrary and capricious; (2) the enforcement of the award would be against public policy; or (3) the panel manifestly disregarded the law. Montes v. Shearson

Lehman Bros., Inc., 128 F.3d 1456, 1458-1460 (11th Cir. 1997). "Judicial review of a commercial arbitration award is extremely limited and federal courts should defer to the arbitrator's resolution of the dispute whenever possible." Robbins v. Day, 954 F.2d 679, 682 (11th Cir. 1992). The party seeking to vacate an arbitration award bears the burden of setting forth sufficient grounds to support such an action. O.R. Securities, Inc. v. Professional Planning Assoc., 857 F.2d 742, 748 (11th Cir. 1988).

### III.  Discussion

ProCare argues that the arbitration panel exceeded its authority by deciding the rights and liabilities of non-parties. Specifically, ProCare contends that the $1,949,063.68 it must collect or deduct from amounts owed to pharmacies constitutes an award against the non-party pharmacies. An arbitration panel exceeds its authority by determining the obligations of those not party to the arbitration. Orion Shipping & Trading Co. v. Eastern States Petroleum Corp. of Panama, 312 F.2d 299, 300-301 (2d Cir. 1963); see also Lumber Liquidators, Inc. v. Sullivan, No. 10-11890, 2011 WL 5884252, at *3 (D. Mass. Aug. 10, 2011) (finding that "the arbitrator exceeded her powers because an arbitration award cannot bind a nonparty.").

Here, the arbitration award does not bind non-parties. Although the money awarded to Fox might otherwise be tendered to participating pharmacies, those pharmacies are not bound by the arbitration award. Indeed, to the extent non-party

pharmacies believe they are entitled to any portion of the $1,949,063.68, they may seek those funds from Fox, ProCare, or both. The arbitration panel's decision will have no effect on the validity of such a claim.

The Agreement provides that Fox "shall have the right to request that ProCare conduct an audit of a specific participating Pharmacy Provider if [Fox] believes such pharmacy is not accurately administering benefit plans or the terms of this Agreement." Further, ProCare must return any overpayments identified by such an audit to Fox. Finally, the Agreement states that such overpayments may be reimbursed "through application of a credit against future claim invoices." [Doc. 15-2]. Thus, pursuant to the Agreement, the arbitration panel ordered an audit, awarded Fox a refund of overpayments identified by that audit, and ordered that the refund "be accomplished . . . through application of a credit against future claim invoices" [Doc. 15-2]. See Banco de Seguros del Estado v. Mutual Marine Office, Inc., 344 F.3d 255, 262 (2d Cir. 2003) ("Where an arbitration clause is broad, as here, arbitrators have the discretion to order remedies they determine appropriate, so long as they do not exceed the power granted to them by the contract itself."). Thus, the portion of the award requiring ProCare to return "amounts ProCare now or subsequently owes the pharmacies for any reason" is specifically contemplated by Section 2.3 of the Agreement [see Doc. 15-4]. ProCare controls these funds and has contractually

agreed to return them to Fox. Although ProCare's obligations under the Agreement may conflict with its obligations under contracts with certain pharmacies, that conflict does not establish that the arbitration panel exceeded its authority. Indeed, the Agreement states that ProCare must return overpayments without mention of ProCare's contracts with participating pharmacies.

Nevertheless, ProCare argues that the arbitration panel improperly ordered a setoff against funds that ProCare held in trust. (Resp.'s Br. in Supp. of Resp.'s Mot. to Vacate, at 19.) The Respondent contends that under Georgia law, the right of setoff does not apply to "receipts which are designated as trust funds or are received . . . with knowledge that they are intended to discharge a particular obligation, such that they partake of the character of trust funds." Whooping Creek Constr., LLC v. Bartow County Bank, 310 Ga. App. 690, 694 (2011) (quoting National City Bank of Rome v. Busbin, 175 Ga. App. 103, 105 (1985)). First, as discussed above, Fox's claim to funds held by ProCare arises from the Agreement, not a Georgia statute. See O.C.G.A. § 13-7-1 (defining right of setoff as allowing "defendant to set off a debt owed him by the plaintiff against the claim of the plaintiff."). More importantly, even if the arbitrator incorrectly interpreted Georgia law with respect to setoff, "a panel's incorrect legal conclusion is not grounds for vacating or modifying the award." White Springs Agricultural Chems., Inc. v. Glawson Invs. Corp., 660 F.3d 1277, 1280 (11th

Cir. 2011). For these reasons, ProCare's Motion to Vacate the Arbitration Award is denied.

## IV. Conclusion

For the reasons set forth below, the Court DENIES the Respondent's Motion to Vacate the Arbitration Award [Doc. 12].

SO ORDERED, this 7 day of May, 2012.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge